**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6398**

JEFFREY A. PLEASANT,

               Plaintiff - Appellant,

      v.

HAROLD W. CLARKE, Director, Virginia Department of Corrections; WENDY K. BROWN, Legal Services Community Release Manager for the Virginia Department of Corrections; KAREN D. BROWN, Chair, Virginia Parole Board,

               Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:19-cv-00417-REP-RCY)

Submitted: November 9, 2021              Decided: November 18, 2021

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey A. Pleasant, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Andre Pleasant, a former Virginia state inmate, filed a complaint under 42 U.S.C. § 1983 against Harold Clarke, Wendy Brown, and Karen Brown (collectively, "Defendants"). Pleasant alleged that Defendants, while employed by the Virginia Department of Corrections, violated his due process rights by failing to award him credit for his presentence confinement, delaying his consideration for parole, and denying him a preliminary parole revocation hearing. The district court granted summary judgment to Defendants, and Pleasant appeals. Finding no error, we affirm.

We review a district court's grant of summary judgment de novo. *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, this court "view[s] the facts and draw[s] all reasonable inferences in the light most favorable to the nonmovant." *Salley v. Myers*, 971 F.3d 308, 312 (4th Cir. 2020). Therefore, "[t]he evidence of the non-movant is to be believed," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), unless the record "blatantly contradict[s]" the nonmoving party's version of events, *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

We have reviewed the record and find that Pleasant alleged no facts to suggest that Defendants deliberately deprived him of jail credits or purposefully delayed his consideration for parole, or that Pleasant was denied any jail credit to which he was entitled. Additionally, we find that Pleasant failed to raise his remaining claim, that Defendants deprived him of a preliminary parole revocation hearing, within the applicable statute of limitations. We therefore conclude that the district court correctly granted summary judgment to Defendants on Pleasant's claims.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*